No. 24-10462

[ORAL ARGUMENT NOT YET SCHEDULED]

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

ROBERT HOPKINS, III,

*Plaintiff-Appellant*,

v.

DEPARTMENT OF DEFENSE,

*Defendant-Appellee.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
No. 3:22-cv-00706 (Ada E. Brown, J.)

_____

**REPLY BRIEF FOR PLAINTIFF-APPELLANT**

_____

Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff-Appellant*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................ i

SUMMARY OF ARGUMENT ...................................................................... 1

ARGUMENT .............................................................................................. 1

     I.     DISMISSAL OF PROCEDURAL CLAIMS WITH PREJUDICE
             WAS UNWARRANTED, BUT DOD'S ALTERNATIVES ARE
             NO BETTER ...................................................................... 1

     II.    DOD'S PROPOSALS REGARDING REDACTIONS ARE
             EQUALLY INAPPROPRIATE ....................................................... 3

     III.   THE OTHER RULINGS WERE ALSO ABUSES OF
             DISCRETION .......................................................................... 6

CONCLUSION ............................................................................................ 6

CERTIFICATE OF SERVICE ...................................................................... 8

CERTIFICATE OF COMPLIANCE .............................................................. 9

## SUMMARY OF ARGUMENT

The District Court erred when it denied Appellant Robert Hopkins's ("Hopkins") stay motion, and it erred when it then held that he had abandoned his claims, that the District Court lacked subject matter jurisdiction, and that he did not warrant reconsideration. Appellee Department of Defense ("DOD") agrees that the District Court erred by holding that Hopkins had abandoned his claims and dismissing most of the case with prejudice on that basis, but then asks this Court to remand the case with specific instructions to reach effectively the same practical result. The Court should reverse and remand this case to the District Court with specific instructions to adjudicate Hopkins's motions to unseal and for access before ordering briefing to recommence on DOD's dispositive motion.

## ARGUMENT

Hopkins seeks a reversal of the District Court's rulings identified above.

I.    **DISMISSAL OF PROCEDURAL CLAIMS WITH PREJUDICE WAS UNWARRANTED, BUT DOD'S ALTERNATIVES ARE NO BETTER**

Since both parties agree that the District Court's holding "that plaintiff had 'abandoned' his [procedural] claims by failing to oppose the government's dispositive motion . . . was erroneous under this Court's precedent" (Br. for Appellee, Dkt. #31, at 28 (filed Oct. 16, 2024) [hereinafter DOD's Br.]), Hopkins will not further belabor that point. However, while agreeing that the District Court was wrong to hold that Hopkins had abandoned his claims, DOD still asks this

1

Court to remand the case with instructions to render a decision without any input from Hopkins. This is a distinction without a difference. DOD argues that this Court cannot treat the case as "abandoned" as a *legal* matter but then argues that it should still treat the case as abandoned as a *practical* matter.

Put another way, DOD asks this Court to criticize the District Court for concluding that Hopkins "abandoned" the case but then turns around and asks the Court to conclude that Hopkins "forfeited his right to be heard" (*id.* at 25) and tell the District Court to act accordingly. This argument perfectly illustrates DOD's underlying motivation throughout this case: it wants the District Court to *take its word* on literally every claim it makes without even allowing Hopkins an opportunity to speak. When Hopkins can—and has attempted many times to—literally provide physical written proof that practically every piece of information being censored is both unclassified and publicly available *by act of the Government*, DOD cannot be allowed to prevail in this argument.

Every part of DOD's argument is predicated on the Court agreeing with it on this point. It argues that the District Court lacked subject matter jurisdiction over all of the procedural claims due to mootness, ripeness, or lack of standing, and that this Court "should direct the district court to modify the dismissal of plaintiff's procedural claims to be without prejudice, since those claims were properly dismissed for lack of jurisdiction." (*Id.* at 29.) However, the Court cannot do so

2

without tacitly blessing the District Court's decision to render a judgment in the case without ever hearing an opposing argument from Hopkins. Hopkins actually *agrees* that if the District Court concludes that it lacks subject matter jurisdiction, it should dismiss the case without prejudice; the only difference is that he argues that it cannot be allowed to reach that conclusion without full briefing *by both parties*. Since Hopkins has already argued this point in significant detail, he will not reiterate those arguments from his opening Brief.

To be clear, all Hopkins is asking this Court to do on this point is direct the District Court to allow him to complete that briefing. Rather than doing what DOD asks, this Court should direct the District Court to complete the briefing of DOD's motion to dismiss and any cross-motions filed by Hopkins[1] and *then* dismiss the procedural claims without prejudice *if* it finds that it lacks subject matter jurisdiction.

## II.   DOD'S PROPOSALS REGARDING REDACTIONS ARE EQUALLY INAPPROPRIATE

In keeping with its underlying theme, DOD's next argument is that, even though the District Court retains subject matter jurisdiction over the redactions made to Hopkins's manuscripts (*id.* at 23), this Court should still invite it to evaluate them without any input from Hopkins himself. DOD offers two options to

---

[1] The most obvious cross-motions would be for summary judgment or for leave to file an amended complaint.

accomplish this goal, and they are both inimical to the very concept of the adversarial system.

First, despite admitting that dismissal as a sanction requires that "the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile" (*id.* at 28)—neither of which are applicable in this case— DOD asks this Court to expressly invite the District Court to "consider whether it would be appropriate to dismiss plaintiff's challenge to the redactions as a sanction for his conduct of the litigation." (*Id.* at 30.) This Court is fully capable of determining that dismissing Hopkins's challenge to its redactions is not sanctionable—let alone sanctionable by dismissal—and Hopkins has already demonstrated everything he needs to demonstrate to prevail on that point. There is no basis for DOD to ask this Court to invite the District Court to make *any* determinations regarding sanctions.

Second, DOD asks the Court to direct—or perhaps just *imply*—that "the district court could adjudicate the government's motion for summary judgment on the propriety of the redactions" (*id.*), but *only* if it does so "on the basis of the government's brief and the *ex parte* record." (*Id.*) This request is once again a thinly veiled argument that the Circuit should endorse DOD's position that there is no role for Hopkins—or any other author—in the District Court's decisionmaking

4

process. It is in making this request that DOD gives away the game, however. It does not merely argue that the District Court should not consider any *briefs* written by Hopkins's undersigned counsel. Instead, it specifically states that the District Court should be told to only consider "the government's brief and the *ex parte* record." (*Id.*)

That means that DOD is asking this Court to direct the District Court to refuse to read *the detailed rebuttal document that Hopkins already drafted and provided to DOD*. ROA.978. After promising the District Court that it would "provide the [rebuttal document] to the Court in a classified appendix accompanying Defendant's summary judgment reply brief," ROA.939, DOD now asks this Court to allow the District Court to adjudicate its redactions *without even reading a response DOD already committed to providing*. In short, even though Hopkins had already written a detailed response to DOD's redactions, which DOD had promised to give to the District Court, it now wants the District Court to make a decision about the case without ever reading Hopkins's response. This goes far beyond prohibiting Hopkins's lawyer from filing a brief which has not been written yet. This is excluding evidence Hopkins himself has already written and given to DOD. When even this rebuttal document written without a lawyer's assistance can change a judge's mind, an order from this Court requiring the District Court to put blinders on is transparent gamesmanship and should be

rejected outright. Instead, as mentioned above, this Court should remand this case to the District Court with instructions to complete briefing, but *only* after adjudicating the motions filed by Hopkins.

## III.   THE OTHER RULINGS WERE ALSO ABUSES OF DISCRETION

This appeal hinges virtually entirely on the District Court's decision to belatedly deny Hopkins's stay motion. For the same reasons that the District Court abused its discretion by involuntarily dismissing the case, it also abused its discretion by denying that stay motion, for reasons on which it never elaborated. ROA.1012. For the same reasons, it also abused its discretion by denying Hopkins's motion for reconsideration, in which Hopkins explained the source of the confusion. And if the Court finds that *any one* of these three determinations was in error, it must also find that the denial of Hopkins's other requests was in error. Simply put, this Court has before it multiple possible pathways which all lead to the same ultimate conclusion: that the case should be reversed and remanded with instructions to adjudicate all the pending motions after full, informed briefing.

## CONCLUSION

For the foregoing reasons, the Court should reverse and remand this case.

6

Date: December 3, 2024

                               Respectfully submitted,


                               <u>/s/ Kelly B. McClanahan</u>
                               Kelly B. McClanahan, Esq.
                               D.C. Bar #984704
                               National Security Counselors
                               4702 Levada Terrace
                               Rockville, MD 20853
                               301-728-5908
                               240-681-2189 fax
                               Kel@NationalSecurityLaw.org

                               *Counsel for Appellant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3d day of December, 2024, I filed the foregoing

with the Court's Electronic Case Filing system, causing a copy to be served via

electronic mail to Appellee's counsel of record.

Date: December 3, 2024

Respectfully submitted,


 /s/ Kelly B. McClanahan 
Kelly B. McClanahan, Esq.

8

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing filing contains six pages and was prepared in 14-point Times New Roman font using Microsoft Word 365.

<u>/s/ Kelly B. McClanahan</u>
Kelly B. McClanahan, Esq.