# United States Court of Appeals for the Fifth Circuit

————————

No. 24-10462
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2025

Lyle W. Cayce
Clerk

Robert Hopkins, III,

*Plaintiff—Appellant*,

*versus*

Department of Defense,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-706

———————————————————

Before Dennis, Ho, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Robert Hopkins, III is a former Captain in the U.S. Air Force who held a Top Secret security clearance during his service. As a condition of his security clearance, Hopkins agreed to allow Defendant-Appellee the Department of Defense (the Department) to review certain manuscripts before publication to ensure the publications did not disclose

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

classified information. After leaving military service, Hopkins submitted several such manuscripts for prepublication review. While the Department was reviewing his manuscripts, Hopkins filed this suit challenging the review process, bringing claims under the First Amendment and the Administrative Procedure Act. While the suit was pending, the Department completed its review process of the manuscripts in question and cleared them for publication with certain redactions. As such, the Department filed a combined motion to dismiss for lack of subject matter jurisdiction and motion for summary judgment in October 2023, first arguing that Hopkins's challenges to the review process were moot. Second, it requested the district court inspect the documents *in camera*, find the redactions were appropriate, and enter summary judgment in its favor. Hopkins did not respond to the Department's motion and instead filed a motion to stay briefing on the motion. The district court did not rule on Hopkins's motion to stay the briefing. In March 2024, the district court found that Hopkins's failure to respond to the Department's motion constituted abandonment of all his claims and dismissed the suit with prejudice, along with his motion to stay as moot. Hopkins appeals.

We "review a district court's grant of a dispositive motion based on a litigant's failure to abide by procedural rules or orders for abuse of discretion." *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 805 (5th Cir. 2012).

On appeal, Hopkins first argues that dismissal with prejudice for failure to prosecute was unwarranted. The Department suggests that we vacate the with-prejudice dismissal and remand for further proceedings. Although it is true that "district courts have discretion to impose rules to effect the orderly and efficient handling of cases, 'we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation.'" *Servicios Azucareros de Venezuela, C.A.*, 702

No. 24-10462

F.3d at 805 (citing *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985)). As such, the district court's decision to dismiss Hopkins's claims with prejudice for failure to file a reply brief was an abuse of discretion. Furthermore, in Hopkins's brief to this court he explains that he was under the mistaken, but ultimately reasonable impression that the district court was still considering his motion to stay the briefing schedule, given that the district court had not ruled on the motion. In light of this misunderstanding and the district court's erroneous dismissal with prejudice, we VACATE the district court's judgment and REMAND for further proceedings after Hopkins has been accorded a reasonable opportunity to respond to the Department's motion.